# NO. 12-09-00208-CR
# NO. 12-09-00209-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARRY STEVEN ALBRIGHT,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. After entering a guilty plea in each case, Appellant was convicted of "accident involving injury/death" and "intoxicated assault with a vehicle causing serious bodily injury." Sentence in each case was imposed on May 6, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for new trial in either case. Therefore, his notice of appeal was due on or before June 5, 2009. However, Appellant did not file his notice of appeal until July 9, 2009 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On July 10, 2009, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeals would be dismissed unless, on or before July 20, 2009, the information filed in these appeals was amended to show the jurisdiction of this court. On July 17, 2009, Appellant responded to this court's notice. However, he did not furnish information establishing this court's jurisdiction.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeals must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, these appeals are ***dismissed for want of jurisdiction***.

Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2